IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elizabeth Prioleau and Annie Lee Prioleau, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Bank Trust National Association, *as alleged trustee of LB-Cabana Series IV Trust*; LB-Cabana Series IV Trust, LLC; Tracie Mays, *an individual*; DOE Insurance Company 1-5, *inclusive*, <br><br> Defendants. | C/A No.: 5:25-cv-11435-SAL <br><br><br> **ORDER** |

Elizabeth Prioleau and Annie Lee Prioleau ("Plaintiffs"), proceeding *pro se*, filed this civil action challenging a state foreclosure proceeding. The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The magistrate judge recommends this case be summarily dismissed. [ECF No. 16.] Plaintiffs objected to the Report, ECF No. 19, and Defendants responded, ECF No. 20. This matter is ripe for review. For the reasons that follow, this court adopts the Report and summarily dismisses the action.

**BACKGROUND**

Plaintiffs filed this civil action challenging the state-court foreclosure and subsequent eviction from their home. [ECF No. 1.] In January 2022, Defendant U.S. Bank Trust National Association ("U.S. Bank") initiated foreclosure proceedings against Plaintiffs in state court. *See U.S. Bank Trust National Association, as Trustee of LB-Cabana Series IV Trust v. Prioleau, et. Al.*, Case No. 2022-CP-38-00069 (Orangeburg County Court of Common Pleas) ("Foreclosure Action"). The Foreclosure Action was stayed due to bankruptcy proceedings, but the action

1

resumed in April 2023. [ECF No. 16 at 2.] Plaintiffs failed to answer the complaint, and they did not appear for the evidentiary hearing in September 2023, despite proper notice. *Id.* The property was sold at a public auction in November 2023, and Plaintiffs were evicted in November 2024. *Id.*

Plaintiffs allege that the foreclosure judgment was obtained fraudulently, and the promissory note was forged. *Id.* They further claim the house suspiciously caught fire after their eviction and that Defendants potentially profited from the insurance proceeds. *Id.* Plaintiffs further allege that Defendants ignored their efforts to repurchase the property. *Id.* Plaintiffs ask this court to set aside the foreclosure judgment, cancel any deed issued to a third party, void the forged promissory note, and award them damages. *Id.* at 3.

The magistrate judge assigned to this case issued a proper form order, advising Plaintiffs to re-submit a signed copy of the complaint. *Id.* at n.1. Plaintiffs submitted a signed amended complaint that was almost identical to the initial complaint. *Id.* Shortly after, the magistrate judge issued the Report recommending summary dismissal of this case in its entirety. [ECF No. 16.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only

generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Plaintiffs are proceeding *pro se*, the court is charged with liberally construing the pleadings to allow them to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The court incorporates the relevant factual background and legal standards as outlined in the Report and agrees that it lacks jurisdiction. Accordingly, the complaint must be summarily dismissed without prejudice. *See* ECF No. 16.

As explained in the Report, Plaintiffs' claims are subject to dismissal under the *Rooker-Feldman* doctrine, which bars lower federal courts from exercising appellate jurisdiction over final state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (noting that the United States Supreme Court retains exclusive jurisdiction over appeals from state court judgments under 28 U.S.C. § 1257). Plaintiffs' claims stem directly from a state court judgment and the resulting loss

of their home and personal property. [ECF No. 16 at 4–5.] They filed this federal action following entry of that judgment and specifically ask this court set aside the foreclosure, relief this court is not authorized to grant. *Id.* at 5.

In their objection, Plaintiffs argue that *Rooker-Feldman* does not apply because their amended complaint asserts multiple causes of action, including civil rights violations under 42 U.S.C. § 1983, fraud upon the court, violations of the Fair Debt Collection Practices Act, and federal insurance fraud claims. [ECF No. 19-2 at 1.] But these references to federal law do not confer jurisdiction on this court when the claims fundamentally seek to overturn a state-court judgment. Plaintiffs' claims fall squarely within the bounds of the *Rooker-Feldman* doctrine by meeting the elements discussed above: (1) there is a state court judgment against Plaintiffs; (2) Plaintiffs complain of injuries caused by that judgment; (3) Plaintiffs filed this federal action after the state court judgment; and (4) Plaintiffs ask the court to undo the state judgment. This court lacks subject matter jurisdiction for such cases under the *Rooker-Feldman* doctrine, which provides that "lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857 (4th Cir. 2001) (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923))). And while the Supreme Court has cautioned that *Rooker-Feldman* has sometimes been too broadly construed in the past, it is properly invoked to bar federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Although Plaintiffs argue in their objection that their claims are not barred by *Rooker-Feldman* because their claims are based on fraud, Plaintiffs did not raise any issue of fraud in the foreclosure proceedings. They now argue that the alleged "new" wrongs occurred after the foreclosure, making those claims independent of the state judgment. However, the injuries that the Plaintiffs claim are undoubtedly a result of the judgment. "[A]bsent the state court's judgment . . . , [Plaintiffs] would not have the injury [they] now seek to redress." *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). Plaintiffs seek "to re-litigate matters that are 'inextricably intertwined' with [a] judgment[] entered by the state court in the foreclosure action[]. Such actions are barred by the *Rooker-Feldman* doctrine." *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 238 (4th Cir. 2013); *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) ("[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court."). Accordingly, Plaintiffs' objections are overruled. This court lacks subject matter jurisdiction in this case.[1] Even assuming some of the facts occurred after the foreclosure, Defendants are not state actors, so Plaintiffs cannot proceed under 42 U.S.C. § 1983 against them. *See Jones v. Synovus Bank*, Case No. 2:25-cv-11126-BHH-MGB, 2025 WL 4640632, at *10 (D.S.C. Oct. 16, 2025) ("Purely private conduct, 'no matter how wrongful, injurious, fraudulent, or discriminatory,' does not provide a basis for action under § 1983." (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982))), *adopted by* 2026 WL 508138 (Feb. 24, 2026).

---

[1] Defendants additionally argue Plaintiffs have no constitutional claim in this case as Defendants are not state actors or governmental entities, that Plaintiffs waived the opportunity to make such arguments by not raising them in the state proceedings, and that Plaintiffs' claims are barred by res judicata. *See* ECF No. 20. These arguments are well made and taken. But the court need not address them as it lacks subject matter jurisdiction.

For these reasons and those in the Report, this court finds this case must be summarily dismissed.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' objections are overruled, and the magistrate judge's report, ECF No. 16, is **ADOPTED** in its entirety, and the petition is **DISMISSED WITHOUT PREJUDICE and WITHOUT ISSUANCE AND SERVICE OF PROCESS.**

**IT IS SO ORDERED.**

March 31, 2026                                              Sherri A. Lydon
Columbia, South Carolina                          United States District Judge